Jonathan A. Dessaules, State Bar No. 019439
Douglas C. Wigley, State Bar No. 027223
**DESSAULES LAW GROUP**
2700 North Central Avenue, Suite 1250
Phoenix, Arizona 85004
602.274.5400
jdessaules@dessauleslaw.com
dwigley@dessauleslaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Rona Hoffman, individually and on behalf of a class of persons similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>Kleinsmith & Associates, P.C., a Colorado corporation; Philip M. Kleinsmith, individually,<br><br>       Defendants. | No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Rona Hoffman, individually and on behalf of a class of persons similarly situated, by and through undersigned counsel, for her Complaint against Defendants Kleinsmith & Associates, P.C. and Philip M. Kleinsmith, alleges as follows:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer on behalf of herself and others similarly situated for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## PARTIES AND JURISDICTION

2.     Plaintiff Rona Hoffman is a citizen of Maricopa County, Arizona, and is a "consumer" as defined in 15 U.S.C. § 1692a(3). Plaintiff brings this action individually and on behalf of a class of individuals who are similarly situated.

3.  Defendant Kleinsmith & Associates, P.C. is a Colorado corporation with its principal place of business in Colorado Springs, Colorado. Defendant Phillip M. Kleinsmith, upon information and belief, is a citizen of Colorado. As such, Defendants are citizens of the State of Colorado.

4.  Upon information and belief, Defendant Kleinsmith & Associates, P.C., is not registered to transact business in Arizona, however, is doing business in the State of Arizona and is a law firm regularly engaged as a "debt collector" as defined in 15 U.S.C. § 1692a(6).

5.  Defendant Phillip M. Kleinsmith is actively licensed as a lawyer in the State of Arizona and is regularly engaged as a "debt collector" as defined in 15 U.S.C. § 1692a(6) in the State of Arizona.

6.  Defendants caused events to occur and committed actions in the State of Arizona, which are the subject of this Complaint.

7.  This Court's jurisdiction arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this Court pursuant to 15 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9.  Plaintiff re-alleges the above allegations as if set forth herein.

10. Arizona's deed of trust anti-deficiency statute, A.R.S. § 33-814(G), and the Arizona Supreme Court's decision in *Baker v. Gardner*, 160 Ariz. 98, 770 P.2d 766 (1988), prohibit the holder of a debt secured by a deed of trust from waiving its security and suing directly on the underlying debt where the debt represents a purchase money obligation.

11. Plaintiff Rona Hoffman defaulted on a purchase money obligation owed to Webster Bank, N.A. The purchase money obligation was secured by a deed of trust on a qualifying property under Arizona's anti-deficiency statute insofar as the property at issue was a single-family dwelling situated on less than two-and-one-half (2.5) acres.

12. The class members alleged herein were individuals who defaulted on purchase money obligations owed to Webster Bank, N.A., and Defendants threatened to bring suit and/or

2

actually filed suit to collect the debt in violation of Arizona's anti-deficiency statutes. The purchase money obligations were secured by deeds of trust on qualifying property under Arizona's anti-deficiency statute insofar as the properties at issue were a single- or double-family dwellings situated on less than two-and-one-half (2.5) acres.

13. Upon information and belief, Defendants mailed via the United States Postal Service a letter to Plaintiff Rona Hoffman and other class members threatening to commence legal action on behalf of Webster Bank, N.A. to collect the balances owed on the purchase money obligations.

14. Subsequent to Plaintiff's and class members' defaults on their purchase money obligations, Defendants, on behalf of Webster Bank, N.A., threatened to file complaints and/or actually filed complaints in Maricopa County Superior Court seeking to recover the balances due on the purchase money obligations.

15. The letters and lawsuits were attempts by Defendants to collect the debt of another.

16. Defendants' act of using the mail to threaten lawsuits and actually commencing lawsuits against Plaintiff Rona Hoffman and class members were false, deceptive, and misleading representations of Arizona law used in the connection of collecting the debts of another, and as such, were violations of 15 U.S.C. § 1692e.

17. Defendants did not possess the legal right to commence legal action to collect the purchase money obligations. Defendants knew or should have known that they did not possess the legal right to commence such legal action at the time they made their threats to commence legal action and subsequently commenced said legal action.

18. Plaintiff has been damaged as a result of Defendants' acts.

## CLASS ALLEGATIONS

19. Plaintiff re-alleges the above allegations as if set forth herein.

20. Plaintiff Rona Hoffman brings this action individually and on behalf of a class of persons similarly situated. The class is defined as follows:

> All individuals who were threatened with a lawsuit and/or actually sued, regardless whether the threats of lawsuit and/or actual lawsuits occurred before or after foreclosure, to recover any portion of a purchase money obligation secured by a deed of trust in contravention of Arizona's anti-deficiency statutes.

21. Upon information and belief, Defendants regularly engage in debt collection using the same threatening letters and filing of lawsuits that they used against Plaintiff Hoffman.

22. The Class, upon information and belief, contains an unspecified number of individual consumers from whom Defendants used false, deceptive, and misleading representations of Arizona law in the connection of collecting debts.

23. Plaintiff Rona Hoffman's claims are typical of the claims of the Class.

24. Common questions of law or fact raised by the class action complaint affect all members of the Class and predominate over any individual issues.

25. Common relief is sought on behalf of all members of the Class.

26. A Class action complaint is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practicable matter, either be dispositive of the interests of other members of the Class not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

28. Defendants acted in a manner applicable to the Class as a whole that warrants relief.

29. Plaintiff Rona Hoffman will fairly and adequately protect and represent the interests of the Class.

30. The management of the Class is not extraordinarily difficult and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendants' conduct was perpetrated on all members of the Class.

## COUNT I
## VIOLATION OF THE FDCPA – 15 U.S.C. § 1692 *et seq.*

31. Plaintiff re-alleges the above allegations as if set forth herein.

32. The foregoing acts by Defendants are violations of the FDCPA.

33. As a result of said violations, Plaintiff, pursuant to 15 U.S.C. § 1692k, are entitled to actual damages, statutory damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands and prays for judgment and relief as follows:

(A) That this case be certified as a Class action;

(B) Appointing Plaintiff Rona Hoffman as representative of the Class, and her undersigned attorneys as Class counsel;

(C) Awarding judgment in Plaintiff's favor and against Defendants for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k;

(D) Awarding Plaintiff such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 7th day of July 2010.

DESSAULES LAW GROUP

By: /s/ Jonathan A. Dessaules
Jonathan A. Dessaules
Douglas C. Wigley
*Attorneys for Plaintiff*